Stanley **MOCKFORD**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16867.

United States Court of Appeals
Fifth Circuit.

Feb. 6, 1958.

Walter E. Gwinn, Miami, Fla., for appellant.

O. B. Cline, Jr., Asst. U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

PER CURIAM.

This is an appeal from an order, entered after a hearing, denying a motion filed under Title 28 U.S.C. § 2255, to vacate a judgment and sentence. The sole question it presents is whether the district judge erred, in holding, at the conclusion of the hearing: "The court is of the opinion that the defendant has not been deprived of any constitutional right in the proceedings whereby he entered his pleas of guilty and was adjudged guilty", and, thereupon, denying the motion.

As the appellant's counsel sees it, the question for the purpose of its argument divides itself into two. The first which he poses, whether *a guilty plea, brought about by extreme mental and physical coercion* and entered without aid of counsel, is involuntary, is not really a question. It is a statement which by assuming a fact, which if true would establish the involuntariness of the plea, *that it was brought about by extreme mental and physical coercion,* merely begs the question. The second question, however, in effect whether the record supports the district judge's conclusion that the defendant competently and intelligently waived his constitutional right to counsel, is not subject to criticism and deserves a direct answer.

In support of its begging question, the brief endeavors to make out of the undisputed facts of his having been shot while making an assault with a deadly weapon, a pistol, on a deputy marshal in a second attempt to escape from custody and his subsequent preventive and disciplinary confinement, a ground for setting aside an otherwise voluntary plea, and in doing so seeks to present the appellant, a person with a prior criminal record and a record for persistent attempts to escape, as a person greatly more sinned against than

sinning and, therefore, entitled to the relief he seeks.

But this will not do. For a reading of the record, both that taken upon this hearing and that taken at the time of the original hearing, shows that no complaint of the treatment, of which he now complains, was made by the prisoner either to the judge or to anyone for presentation to the judge at or before the entry of his plea, and that what is made so much of now is merely an afterthought.

█ In this state of the record, assuming that the treatment actually accorded him as a prisoner in the jail was as he claims it was and that it was illegal or improper, there is no basis for the claim that it in anywise caused or brought about his plea or entered into its making. Admittedly guilty of the offenses charged against him, he may not, we think, five years after the imposition of the sentence, bring forward as a ground against the voluntariness of his plea: that he was injured while making his second attempt to escape; and that as a result of the attempt he was subjected to his confinement to more rigorous safety measures. In short, we are of the opinion that, whatever might be said with regard to whether the measures taken against appellant were, as matters of jail administration, proper or improper, or as to whether he would have been entitled to relief if he had complained of, and sought relief from, them, he cannot put them forward now upon this record as a ground for holding that his plea was not voluntary.

We come then to a consideration of the basic question whether the record as a whole furnishes any warrant for overturning the action of the district judge in holding that the waiver of counsel and the pleas of guilty were intelligently and voluntarily made, to say of it that we think it must be held that it does not. This careful record, made at the time of the sentencing, shows the facts following: that a few days after the attempted escape and assault, defendant notified the commissioner that he wished to plead guilty; that he was taken before the commissioner and so pleaded; that he was then brought before the judge, where the colloquy set out in the margin took place.[1]

Thereafter, one by one the charges against him were taken up. The first one, in No. 8388, was the auto theft charge. Asked:

"How do you plead?"

he answered:

"Guilty".

The court then asked:

"You plead guilty to that freely and voluntarily?"

The defendant:

"Yes, sir."

The court:

"You are guilty?"

The defendant:

"Yes, sir."

---

1. Mr. Botts, Assistant U.S. Attorney: "And now, once before you were in here represented by an attorney. Now, your attorney was notified to be here this morning, but he is not here. Do you wish to proceed without an attorney?"

The defendant: "Yes, sir."

Mr. Botts: "Can you sign this waiver of attorney?"

The Court: "Who is his lawyer?"

Mr. Botts: "His name was Nicholas."

The defendant: "No, Walter Gwinn."

The Court: "Did he represent you?"

The defendant: "He did, but I didn't have no more money left, so I guess he has not—I guess I represent myself."

The Court: "How much did you pay him?"

The defendant: "$389.00."

The Court: "What is he charged with?"

Mr. Botts: "He was charged with an attempted escape, and also with a violation of the Motor Vehicle Theft Act [18 U.S.C. § 2311 et seq.]"

The Court: "Let us find out whether his counsel has treated him right or not."

The defendant: "It is quite all right, sir. I intend to plead guilty to the charge, anyway, sir."

The Court: "You don't want the services of a lawyer?"

The defendant: "No sir."

The Court: "Either the one you employed or another?"

The defendant: "No, sir."

Mr. Botts: "Then can you sign that with your left hand?"

The court:

"The court adjudges him guilty on his plea of guilty."

The charges of attempting to escape and assault on the federal marshal then came up, and after his right to an indictment was fully explained to him, the defendant was asked whether he wished to waive indictment and proceed by information. He replied:

"I waive the indictment".

The district attorney then carefully explaining the charges to him, the defendant stated:

"I wish to plead guilty to the first and third counts, assault on the officer and attempted escape."

Whereupon the court querying:

"You plead guilty voluntarily and freely to each of the charges there. One is an assault on a federal officer and the other is an attempt to escape?"

the defendant answered:

"As I understand it to have a weapon of any kind and to use it in an attempt to escape would constitute an assault. Therefore, I plead guilty to it."

The court: "All right, the court adjudges him guilty, Mr. Clerk."

Mr. Boggs: "The second count is dismissed. This young man informed me yesterday that he desired if possible to have sentence pronounced this morning, and I have talked to the probation officer. I have the F.B.I. agent here and I want you to understand if you wish the court would refer this for a presentence investigation. Now, have I stated your wishes in that respect?"

The defendant: "That is right."

Thereupon, the probation officer in open court stating:

"All of his previous records have been committed in Canada."

the court asked:

"He has a criminal record?"

and the probation officer answered:

"In Canada, yes sir."

There followed a colloquy about the offenses in this case. Included in it was a rather long statement by the defendant, in the course of which, to the question why he carried the gun and why he wanted to pull the gun, he stated that he wanted to frighten the marshal so he could run away. There was also a long colloquy about how the gun was gotten into the jail and how defendant got hold of it. After all of these proceedings, which took over 20 pages of record to narrate, had been gone through with, the district judge sentenced defendant on the cases to serve a total prison time of ten years. Defendant made no complaint of the sentence, none that he had been pressured into taking any action that he took. The only questions the defendant asked were: (1) whether the fact that he was under deportation by the Immigration authorities would make any difference in the length of his imprisonment; and (2) whether the court could make a recommendation based upon his good conduct.

We are of the opinion that, if we were considering this case upon this record as a matter of first impression, we would be bound to hold that the waiver of counsel and the plea of guilty were voluntary. Coming to us, as it does, as a review of action already taken by the district judge, we so hold for a much stronger reason. Indeed, we think that upon this record it would be a perversion of due process and a denial of justice for us to hold that any of the matters and things shown by this record had the effect of depriving the plea and the waiver of their voluntary and effective character, and required a setting aside of the order denying the motion.

The order is therefore affirmed.