Jerry Spencer **DIAMOND**, Petitioner-
Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 23865.

United States Court of Appeals,
Ninth Circuit.

Feb. 18, 1970.
Certiorari Denied May 4, 1970.
See 90 S.Ct. 1531.

Jerry S. Diamond, in pro. per.

Michael A. Heuer, Robert L. Brosio,
Asst. U. S. Attys., Wm. Matthew Byrne,
Jr., U. S. Atty., Los Angeles, Cal., for
appellee.

Before BARNES, CARTER and
WRIGHT, Circuit Judges.

BARNES, Circuit Judge:

Petitioner was charged with two
counts of violating the Mann Act. On a
compromise plea, on the advice of his
appointed counsel (an experienced crimi-
nal trial lawyer), he entered his plea of
guilty to the second count. Count I was
dismissed.

This is an appeal from the denial of
his motion for relief under 28 U.S.C. §
2255. The grounds urged by petitioner
are two—*first*, that his attorney was in-
effective and wrongfully counseled the
guilty plea—*second*, that his plea of
guilty was the result of physical coer-
cion—beating and "rape" by the staff of
the Los Angeles County Jail, where he
was held during his federal trial.

The district court judge taking peti-
tioner's plea was the same judge who
heard the § 2255 petition. Rule 11,
Fed.R.Crim.Pro., requires the trial court
not to accept the plea without first de-
termining the plea was made voluntarily
with understanding of the nature of the
charge. Although petitioner entered his
plea on February 21, 1966, prior to the
July 1, 1966 effective date of the amend-
ment of Rule 11, the transcript of trial
proceedings shows that the trial judge
both first addressed the defendant per-
sonally, and that he explained to peti-
tioner the consequence of his plea. (C.T.
60–62.) The petitioner, without prompt-
ing, advised the court he knew he could
be sentenced on his proposed plea of
guilty to "$5000 or five years or both."
Petitioner admitted the commission of
the acts charged in Count II, and ad-
mitted his guilt as so charged. He ac-

knowledged his lawyer had been told all the facts, and that the lawyer had advised him of all his rights guaranteed under the Constitution, specifying each separately. He denied he had been coerced or threatened or promised any favor, or a lesser sentence, or that any force had been used or threatened against him or his family, by anyone. Petitioner advised the court he had, in his opinion, been afforded the services of competent and effective counsel.

Based on the foregoing, and the judge's observation of the petitioner at the time of sentencing (a matter outside the record), plus the affidavit of petitioner's attorney filed by the Government in response to the petition, the same was denied.

In other words, the judge, when hearing petitioner's § 2255 motion, considered the record of the sentencing "evidential on the issue of voluntariness * * * not conclusive." This was proper, and required. Jones v. United States, 384 F.2d 916 (9th Cir.1967).

The facts of this case do not resemble those of Castro v. United States, 396 F.2d 345 (9th Cir.1968, *in banc*). In it there had been no compliance with Rule 11, at the time of sentencing. Here, the facts necessary for a determination that the defendant voluntarily and intelligently pleaded guilty appear in the record, as required by Heiden v. United States, 353 F.2d 53 (9th Cir. 1965). The record of the plea proceedings establishes that Diamond correctly understood the consequences of his plea. *Cf.* Mockford v. United States, 251 F.2d 857, 858 (5th Cir.1958). In *Castro*, the defendant's attorney's affidavit supported the petitioner's statement of facts. It does not in this case.

There is no absolute rule that under any and all circumstances to constitute a "hearing" a petitioner must be permitted to be present and testify on his own behalf. United States v. Tweedy, 419 F.2d 192 (9th Cir.), decided December 8, 1969; Dearinger v. Rhay, 421

F.2d 1086 (9th Cir.), corrected opinion, decided January 28, 1970.

Appellant was sentenced to three years imprisonment on February 21, 1966. He has now completed service of his sentence to which his motion was directed. Cf. Duggins v. United States, 240 F.2d 479, 484 (6th Cir.1957); Juelich v. United States, 257 F.2d 424 (6th Cir.1958).

The order of the district court denying relief is affirmed on the record before us.