George T. BUCKLES, Petitioner-Appellant,

v.

U. S. DISTRICT COURT, SOUTHERN DISTRICT OF ALABAMA, Respondent-Appellee.

No. 73–2326

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 17, 1973.

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

George T. Buckles, pro se.

Irwin W. Coleman, Jr., C. S. White-Spunner, Jr., Asst. U. S. Attys., Mobile, Ala., for respondent-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Appellant filed a motion under 28 U. S.C. § 2255 seeking relief from his sentence to four years imprisonment following a plea of guilty to transporting a forged security in interstate commerce, a violation of 18 U.S.C. § 2314. The district court denied relief without holding an evidentiary hearing. We affirm.

Three grounds were asserted below in support of the motion: (1) the plea was "coerced" by promises that certain state charges against appellant would be dropped if he pleaded guilty on the federal count; (2) the plea was influenced by a promise of parole after nine months; and (3) the plea was made while appellant was under the influence of medication for a nerve problem. Since no hearing was held below, this Court can uphold the action of the district court only if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . . ." 28 U.S.C. § 2255; Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 3 L.Ed.2d 169 (1973). In this instance the record does so demonstrate.

Although the Government denies that any promises were made by federal officers concerning the state charges, it is clear from the record that all state proceedings were terminated following the disposition of the federal case. Certainly the principle of plea bargaining is not open to attack, Santobello v. New York, 1972, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427; North Carolina v. Alford, 1970, 400 U.S. 25, 91 S.Ct. 160, 25 L.Ed.2d 162; United States v. Slatko, 5 Cir. 1972, 462 F.2d 1169; and this Circuit has explicitly approved the concept of bargains over state charges as inducements to pleas of guilty in federal cases. Roberts v. United States, 5 Cir. 1973, 472 F.2d 1195. Taken, then, in the light most favorable to the appellant, the record shows nothing more than a *fulfilled* promise to secure the dismissal of state charges. Such facts provide no basis for relief.

As to the claim of promised parole after nine months, the record discloses that the defendant was informed in detail of the discretion of the trial

court in imposing sentence, and that he denied that any deals or assurances of leniency in punishment had influenced his decision to plead guilty. In light of these facts, appellant cannot now be heard to recant his denials and seek relief on the basis of nothing more than a disappointed hope for early parole. *See* United States v. Frontero, 5 Cir. 1971, 452 F.2d 406.

 The final contention, that medicine had rendered appellant incompetent at the time of his plea, would, if true, provide an adequate basis for vacating the sentence and permitting entry of a new plea, Fontaine v. United States, supra. However, the medical records and affidavits "conclusively show" that appellant had received nothing more disorienting than aspirin for nearly a month prior to his trial. Certainly no evidentiary hearing was required to determine whether the medically approved dosages of aspirin had rendered appellant incompetent to plead.

Affirmed.