UNITED STATES of America,
Appellee,

v.

Samuel HUFFMAN, Appellant.

No. 73–1654.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1973.

Decided Dec. 18, 1973.

Rehearing Denied Jan. 10, 1974.

Samuel Huffman, pro se.

Robert E. Johnson, U. S. Atty., and Sam Hugh Park, Asst. U. S. Atty., Fort Smith, Ark., on brief for appellee.

Before GIBSON and ROSS, Circuit Judges, and SMITH, Senior District Judge.*

PER CURIAM.

Samuel Huffman appeals from an order of the United States District Court for the Western District of Arkansas denying his motion under Rule 35, Fed.R. Crim.P., for vacation of his guilty plea and for a hearing to determine the voluntariness of his plea. The Honorable Oren Harris, who accepted his guilty plea in the original proceedings, denied the motion without hearing and petitioner brings this appeal. The District Court apparently considered petitioner's motion as one under 28 U.S.C. § 2255 to vacate his sentence and we will so consider it here.

The only question for our determination is whether a hearing was required upon petitioner's motion. Both parties recognize Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) and Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973) as the controlling cases, their differences being limited to the application of the principles therein enunciated to the facts in this case.

Petitioner appeared in the District Court February 15, 1973, at which time he waived counsel and waived indictment, allowing the Government to pro-

---

* The Honorable Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

ceed by information. The record demonstrates that Chief Judge Harris took great pains to assure himself that these waivers were made knowingly and intelligently. Petitioner then pleaded guilty to the charge against him, transportation of a firearm in interstate commerce by a convicted felon in violation of 18 U.S.C. § 922(g). The record in this regard demonstrates that Fed.R.Crim.P. 11 was fully complied with, the trial judge establishing beyond any doubt that the plea was made voluntarily, without any promise or threat, and with full understanding of the consequences. In fact, the record indicates that petitioner throughout the arraignment and plea hearing was anxious to get his guilty plea made and accepted by the court so that he would be sentenced as quickly as possible.

Petitioner was brought back before the court on March 6, 1973, for sentencing. The record of those proceedings reveals that petitioner is a man 52 years old, who since age 15 has been in continuous trouble with the law and has served many of his adult years in state penitentiaries. At the time of the offense in this case, he was on probation for the third time from a 1955 Pennsylvania second-degree murder conviction, being returned for parole violations the previous two times and with a warrant outstanding for violating this third parole. He was sentenced to a term of five years imprisonment which he is presently serving at Leavenworth Federal Penitentiary.

July 9, 1973, he filed the subject motion in which he alleges that his guilty plea was coerced because the U. S. Attorney and Probation Officer promised him probation in return for his plea of guilty and the waiver of indictment. He claims that the District Court erred in denying his motion without granting him an evidentiary hearing.

*Fontaine* establishes that in a § 2255 proceeding, compliance with Rule 11 does not act as an absolute bar to a subsequent collateral attack upon the voluntariness of a guilty plea. The Court did recognize, however, that a defendant, where there has been compliance with Rule 11, may not ordinarily repudiate his statements to the sentencing judge. *Fontaine, supra* at 215, 93 S.Ct. 1461.

Petitioner admits the compliance with Rule 11 in the District Court. He relies upon Machibroda v. United States, *supra*, to support his argument that a hearing was required. In *Machibroda* it was stated:

> This was not a case where the issues raised by the motion were conclusively determined either by the motion itself or by the "files and records" in the trial court. The factual allegations contained in the petitioner's motion and affidavit, and put in issue by the affidavit, filed with the Government's response, related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light. Nor were the circumstances alleged of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection.

Machibroda v. United States, *supra*, 368 U.S. at 494–495, 82 S.Ct. at 514.

Before a district court may deny a motion under § 2255 without a hearing, the files and records of the case must conclusively show that the prisoner is entitled to no relief. 28 U.S.C. § 2255; Machibroda v. United States, *supra* at 494, 82 S.Ct. at 514. The difficulty with a claim like the petitioner's is that his allegations were made regarding circumstances outside the record. Yet every allegation of circumstances outside the record does not establish the necessity for a hearing on the allegations, no matter "how vague, conclusory, or palpably incredible" they may be. "The language of the statute does not strip the district courts of all discretion to exercise their common sense." Machibroda v. United States, *supra* at 495, 82 S.Ct. at 514.

The discussion of cases wherein a hearing has been required or of cases where the denial of a motion without a hearing was approved would be of little benefit. The controlling principles are

to be found in *Machibroda* and *Fontaine*. Each case must be determined upon its own facts. Unlike *Machibroda* or *Fontaine*, where the motion set forth detailed factual allegations of circumstances outside the record and knowledge of the trial judge, here no such showing is made by petitioner. The only allegation of petitioner that deserves comment in this regard is his contention that the probation officer offered him leniency in the hall outside the courtroom immediately before the proceedings if he would waive indictment and plead guilty.[1] Knowledgeable offenders must know that probation officers in federal courts have no authority to grant probation and for an individual with the recidivous record of Huffman to expect even serious consideration of a plea for probation is incredible on its face. In determining this question, the trial court not only had the affidavit of the probation officer in response to petitioner's motion, but his statement in open court during the Rule 11 proceedings as to the content of this conversation. In the circumstances of this case, this was adequate for the trial court to conclusively determine that petitioner was entitled to no relief upon the allegations in his motion.

The order of the district court denying petitioner's motion is affirmed.

ROSS, Circuit Judge (dissenting).

I respectfully dissent. Among other things, Huffman alleges that his guilty plea was induced by a promise of leniency, offered by a probation officer outside the courtroom. The records indicate that a conversation took place, although the substance of the conversation is in dispute. The probation officer, by way of affidavit, denies that he promised leniency. The only proper manner in which to resolve this credibility issue is by way of an evidentiary hearing. *See, e. g.,* Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973); Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

I would reverse and remand for an evidentiary hearing.

---

1. The record reveals that the Probation Officer, Mr. Bell, did have a conversation in the hall with Petitioner before he pleaded guilty. Mr. Bell told the Court of this conversation during the proceedings. He stated:

"[H]e indicated that he wanted to waive the indictment and enter a plea of guilty. He told me his family background is down near El Dorado, around Bernice, Louisiana, and we would have to request pre-sentence report from Shreveport. If I have an opportunity to talk to him, it may be that we can get a lot of the information."

The Probation Officer's affidavit states:

"That at no time during my interviews with Samuel Huffman did I ever make him any promise of leniency or other reward to induce him to enter a plea of guilty nor did I contact Samuel Huffman for the purpose of obtaining a probation report for the Court until after he had appeared in Court, waived his attorney, waived the indictment, and entered his plea of guilty."