UNITED STATES of America,
Plaintiff,

v.

Frederick J. MARTIN, Defendant.

Crim. A. No. 73CR181–W–3.

United States District Court,
W. D. Missouri, W. D.

Aug. 19, 1975.

Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Kenneth K. Simon, Kansas City, Mo., for defendant.

ORDER DENYING MOTION FOR WITHDRAWAL OF GUILTY PLEA UNDER RULE 32(d) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, OR IN THE ALTERNATIVE MOTION UNDER SECTION 2255, TITLE 28, UNITED STATES CODE

WILLIAM H. BECKER, Chief Judge.

This is a motion to withdraw a guilty plea under Rule 32(d) of the Federal Rules of Criminal Procedure on the grounds that the plea was induced by an unkept plea bargain and that the plea was coerced. The motion will be treated in the alternative as a motion under Section 2255, Title 28, United States Code, to vacate and set aside a final judgment. For the reasons stated herein, the motion will be denied without a hearing.

Defendant was indicted with three others on August 2, 1973, in Counts Two, Three, Five through Seven, and Eleven through Eighteen of an eighteen count indictment for interstate transport of falsely made securities in violation of Sections 2 and 2314, Title 18, United States Code. Defendant was arrested on

September 11, 1973. On January 23, 1975, defendant plead guilty to Counts Six and Seven of the indictment. Defendant was sentenced following his plea to two years on Count Six to run consecutively to a twenty-five year state sentence; and on Count Seven, sentence was suspended and defendant placed on a three year probation to commence upon defendant's unconditional release from the sentence imposed on Count Six. The government dismissed all the remaining counts of the indictment.

On March 5, 1975, defendant moved to withdraw his guilty plea and to dismiss the remaining counts of the indictment. A show cause order was entered on May 23, 1975, and the government responded on July 1, 1975.

Defendant contends that his pleas of guilty ". . . were entered under misconceptions, false representations, deceit and trickery." In support of his contention, defendant states essentially two grounds. First, defendant asserts that:

> "Movant was led to believe, by his court-appointed counsel, that the only way to receive a two year sentence on count six was to plead guilty to count seven in exchange for a three year probation;
>
> "Movant was also misled into believing that the three year probation would actually be a 'three year sentence with probation' not an unspecified sentence 'suspended' for a three year period."

Second, defendant states that:

> "Movant's guilty pleas were coerced by prosecutions (sic) delay in bringing movant to trial and movant's own desire to get the case over with as soon as possible."

Each of these grounds will be considered separately.

## I. *Allegation of Broken Plea Bargain.*

■ In support of his contention that his guilty plea was induced by a broken plea bargain promise, defendant states:

> "Movant, with his court-appointed counsel, Mr. Kenneth K. Simon, entered into a plea-bargain arrangement, in August 1974, in which movant was to receive a year/time served sentence in exchange for a guilty plea to count six of the indictment.

> . . . . .

> ". . . movants (sic) court-appointed counsel told him he could get his case back in front of Judge Becker and get movant two years, but the only way he could get 'prior to and consecutive with' the state sentence is that movant also plead guilty to another count, in the indictment, *for a three year sentence with probation* . . . but that he (movant) must write the judge requesting the deal himself.

> "January 23, 1975 movant was sentenced to two years consecutive with the state sentence and *three years probation, with an unspecified sentence suspended.*" (Emphasis added.)

The government contends that the transcript of the January 23, 1975, proceedings wherein defendant plead guilty shows conclusively that defendant's plea was not induced by a promise with respect to sentence.

Examination of the transcript of the January 23, 1975, proceedings discloses the following colloquy between the Court, defendant's counsel Mr. Simon and defendant:

> "*The Court*: Is this plea of not guilty—I mean, are the pleas being withdrawn with the understanding that there would be no plea bargain made in connection with the entry of pleas of guilty to these two counts?
>
> "*Mr. Simon*: Do you understand that, Mr. Martin? There is no plea bargain arrangement on this that you are pleading on. You are leaving it up to the Court on the sentencing, is that right?
>
> "*The Defendant*: Yes, sir.
>
> "*The Court*: Is that right?
>
> "*The Defendant*: Yes, sir.

"*The Court*: Has anyone made any promise to you about what would happen if you did plead guilty to these two counts?

"*The Defendant*: No, sir, said it would be left up to the Court.

"*The Court*: . . . Mr. Martin, you understand that there is no agreement about what the sentence will be in respect to Counts Six and Seven, do you not?

"*The Defendant*: Yes, sir.

"*Mr. Simon*: May it please the Court in connection with this matter, of course I have explained to Mr. Martin the Court is not bound by any recommendations that I make or Mr. Nugent [Assistant United States Attorney] makes or the probation department makes in its report to the Court. It is well known to the Court, of course, that Mr. Martin is now under a 25 year sentence for an armed robbery in the state courts. Mr. Martin is requesting of this Court, and I am recommending, that the sentence on Count Six be considered for 2 years consecutive to the state sentence, and that he be granted three years' probation on Count Seven following expiration of time in Count Six.

"*The Court*: Now, Mr. Simon, I don't think you will have to say anything more. I had incidentally tentatively decided that that was the sentence that I was going to enter, and I am prepared to enter the sentence now and, not that I knew what you were going to recommend but I had been considering this case for some time and when it was decided to place it back on my docket I reviewed the matter and it was my tentative judgment that that was the sentence that I would enter."

The transcript has been quoted extensively to show that defendant three times affirmed that his guilty plea was not induced by any promise concerning sentencing. Counsel for the defendant testified that he had explained to defendant that the Court would not be bound by recommendations with respect to sentencing made by either himself or the United States Attorney. In light of these statements in the record, defendant's present contention that his plea was induced by a sentencing promise is totally without merit.[1] Therefore, defendant has shown no facts which entitle him to relief under Rule 32(d) or Section 2255, *supra*, with respect to his first claim. *United States v. Huffman*, 490 F.2d 412 (8th Cir. 1974), *cert. denied*, 416 U.S. 988, 94 S.Ct. 2395, 40 L.Ed.2d 766 (1974); *Buckles v. U. S. District Court, Southern Dist. of Alabama*, 488 F.2d 85 (5th Cir. 1973); *Moody v. United States*, 497 F.2d 359 (7th Cir. 1974).

II. *Allegation of Coercion.*

In support of his contention that the guilty pleas were coerced, defendant states:

"Movants (sic) guilty pleas to both counts (six and seven) were coerced by overbearing psychological pressure, mental fatigue and deterioration and unkept promises, in that:

"1. it was known to the prosecution that at the time of his arrest movant was addicted to narcotics; movant was questionably sentenced to a twenty-five year term in the state courts; movant was under a considerable amount of pressure, anxiety and tension and was suffering from mental anguish;

"2. it was also known that movant was not guilty as charged in the indictment, but that movant would plead guilty in order to dispose of the case against him, in order to somewhat ease his mind, as the mental strain of

---

1. The record also shows that the Court on December 13, 1974 and January 15, 1975 refused to accept a plea of guilty to Count Seven of the indictment on the grounds that it had been induced by a plea bargain which was unacceptable to the Court.

the uncertainty had become unbearable;

.    .    .    .    .

"4. prosecution threatened to try movant, on each of the 13 counts he was named in, in the indictment, with the maximum penalty being up to 10 yrs./$10,000.00 fine on each count; movant expressed his desire for a trial by jury and submitted his pro se motion to dismiss; movant was then informed by court-appointed counsel that if movant plead guilty to two counts in the indictment he could dispose of the case once and for all. . . . ."

■ Construing defendant's allegations liberally, defendant has merely asserted that he plead guilty "in order to dispose of the case against him." Defendant does not allege that force was used or illegal threats were made by the prosecution to coerce his plea. Indeed, the transcript of the January 23, 1975, proceedings discloses the following:

"*The Court*: Has anybody made any threat to you about what might happen if you didn't plead guilty to these two counts?

"*The Defendant*: No, sir."

He asserts only that he plead guilty in order to terminate the proceedings which had been pending for eighteen months against him. A plea of guilty is not "coerced" merely because defendant enters the plea in order to terminate the proceedings against him.

Had defendant been held in custody for the eighteen months prior to his plea solely on the basis of the federal charges pending against him, a different result might well have been dictated. However, the record shows that defendant was sentenced on January 14, 1974, by Division No. 3 of the Sixteenth Judicial Circuit of Missouri to a term of twenty-five years for armed robbery. Therefore, defendant was incarcerated solely on account of the indictment in the above-entitled action for a minimum of four months. The plea of guilty could not have been induced by any desire to end confinement.

■ Defendant's contention that he is not guilty as charged is completely contradicted by the record of the January 23, 1975, proceedings. The record shows that the offenses charged in Counts Six and Seven of the indictment were carefully explained by the United States Attorney before defendant's plea was accepted. After the plea, the following colloquy between the Court and defendant took place:

"*The Court*: Are you pleading guilty to Count Six because you know in your mind and your conscience you committed the acts charged therein and knew that they were wrong and against the law at the time?

"*The Defendant*: Yes, sir.

"*The Court*: And are you pleading to Count Seven because you know in your mind and your conscience you committed the acts charged therein and knew that they were wrong and against the law at the time?

"*The Defendant*: Yes, sir."

The Court then asked defendant's counsel whether defendant had had full discovery of the government's file. The following exchange then took place:

"*Mr. Simon*: We have had full discovery, your Honor.

"*The Court*: Are you satisfied from the discovery and the other information which you have secured from the defendant as well as any other source that the defendant is in fact guilty of Counts Six and Seven?

"*Mr. Simon*: Yes, your Honor."

The defendant also indicated that the plea was entered freely and voluntarily after securing the advice of counsel. The record thus conclusively shows that a factual basis existed for the pleas.

■ Finally, defendant's plea cannot be held to be "coerced" merely because the government indicated its willingness to dismiss the remaining counts of the indictment if defendant plead guilty, or alternatively because the government

expressed its intention to try defendant on all counts of the indictment if a trial was necessary. In *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the United States Supreme Court ruled that a guilty plea is not "coerced" merely because defendant escapes the possibility of a death sentence by pleading guilty. In so holding, the Court said:

"But we cannot hold that it is unconstitutional for the State to extend a benefit to a defendant who in turn extends a substantial benefit to the State and who demonstrates by his plea that he is ready and willing to admit his crime and to enter the correctional system in a frame of mind that affords hope for success in rehabilitation over a shorter period of time than might otherwise be necessary.

"A contrary holding would require the States and Federal Government to forbid guilty pleas altogether, to provide a single invariable penalty for each crime defined by the statutes, or to place the sentencing function in a separate authority having no knowledge of the manner in which the conviction in each case was obtained. *In any event, it would be necessary to forbid prosecutors and judges to accept guilty pleas to selected counts*, to lesser included offenses, or to reduced charges. *The Fifth Amendment does not reach so far.*" 397 U.S. at 753, 90 S.Ct. at 1471, 25 L.Ed.2d at 759. (Emphasis added.)

The Court adopted the standard of "voluntariness" defined by Judge Tuttle of the United States Court of Appeals for the Fifth Circuit:

"[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (*or promises to discontinue improper harassment*), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes)." 397 U.S. at 755, 90 S.Ct. at 1472, 25 L.Ed.2d at 760.

The record fully supports a finding that defendant was aware of the direct consequences of his plea, and the United States Attorney's offer to dismiss the remaining counts of the indictment falls within none of the categories of impermissible inducements for a guilty plea outlined in *Brady*. Therefore defendant has failed to show any circumstances which would justify relief under his second contention.

III. *Necessity For a Hearing.*

■ Section 2255, Title 28, United States Code, provides in pertinent part:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . ."

Where a motion under Section 2255, *supra*, to set aside a guilty plea sets forth detailed factual allegations of circumstances outside the record and knowledge of the trial judge which, if true, would justify relief, a hearing is required. *Fontaine v. United States*, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973); *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). However,

"every allegation of circumstances outside the record does not establish the necessity for a hearing on the allegations, no matter 'how vague, conclusory, or palpably incredible' they may be. 'The language of the statute does not strip the district courts of all discretion to exercise their common sense.' *Machibroda v. United States*, supra at 495, 82 S.Ct. at 514 [7 L.Ed.2d at 479]. *United States v. Huffman*, 490 F.2d 412, 413 (8th Cir. 1974).

■ In the instant case, no detailed factual allegations of circumstances outside the record have been made which require a hearing. The record is com-

pletely adequate to demonstrate that defendant's claims are without merit. An evidentiary hearing is therefore unnecessary. *United States v. Huffman*, 490 F.2d 412 (8th Cir. 1974), *cert. denied*, 416 U.S. 988, 94 S.Ct. 2395, 40 L.Ed.2d 766 (1974); *Buckles v. U. S. District Court, Southern Dist. of Alabama*, 488 F.2d 85 (5th Cir. 1973); *Moody v. United States*, 497 F.2d 359 (7th Cir. 1974); *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974) [en banc]. *Compare: United States v. Truglio*, 493 F.2d 574 (4th Cir. 1974).

For the foregoing reasons, it is therefore

ORDERED that defendant's motion for withdrawal of his guilty pleas under Rule 32(d) of the Federal Rules of Criminal Procedure, or in the alternative to vacate and set aside judgment under Section 2255, Title 28, United States Code, be, and it is hereby, denied.