**Robert Melvin MAYES, Appellant,**

v.

**George W. PICKETT, Warden, Appellee.**

**No. 74-2526.**

United States Court of Appeals, Ninth Circuit.

July 9, 1976.

Rehearing Denied Sept. 8, 1976.

---

Howard J. DeNike (argued), San Francisco, Cal., for appellant.

Theodore Wai Wu, Asst. U. S. Atty. (argued), Los Angeles, Cal., for appellee.

## OPINION

Before WRIGHT, KILKENNY and TRASK, Circuit Judges.

KILKENNY, Circuit Judge:

Mayes appeals from a district court order denying, without a hearing, his motion for relief under 28 U.S.C. § 2255.

On May 28, 1969, appellant pleaded guilty under one count of bank robbery. Two additional counts of bank robbery were dismissed. He was then sentenced to fifteen years in prison. No direct appeal was taken. Two previous § 2255 motions were filed and both denied without hearing. No appeal was taken from the denial of the first motion. After the second denial, an appeal was taken, but dismissed under Rule 12(c), FRAP, for failure to prosecute.

### ISSUES

Appellant raises the following issues:

(1) The plea of guilty was induced by a confession unconstitutionally obtained.

(2) The plea was involuntary because appellant lacked the required mental capacity to enter a voluntary plea and the court erred in failing to order *sua sponte* a determination of mental competency since it had been advised that appellant was a drug addict.

(3) The plea of guilty was induced by threats and promises and, therefore, not knowingly and voluntarily made.

### I.

■ Appellant's first contention, although it relates to his plea, necessarily attacks the validity of his confession which was made prior to the hearing at which he entered his guilty plea. The Supreme Court has said:

" . . . [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.

When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to entry of the guilty plea." *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243 (1973); *See Mann v. Smith,* 488 F.2d 245 (CA9 1973).

Appellant may not circumvent this rule by an operation that converts a collateral attack on a proceeding prior to the entry of his plea into a claim that a plea has been involuntarily coerced. In passing, it may be noted that in this case, at the Rule 11 hearing, appellant's counsel told the court that there was no illegally obtained evidence which might have induced a plea.

## II.

■ Counsel advised the court that appellant was a heroin addict. At the Rule 11 hearing, the court made detailed inquiry concerning appellant's addiction. In the course of its examination, the court ascertained that for more than a month prior to the time of hearing, appellant had taken no drugs, and then said:

> " . . . the Court having observed . . . that the defendant . . . [did] not appear to be under the influence of any medicine, drugs or other substances which might affect his judgment in any manner, the Court . . . [found] that the offer of the plea of guilty . . . [was] voluntary. . . ."

This case is distinguishable from *Hansford v. United States,* 124 U.S.App.D.C. 387, 365 F.2d 920 (CA DC 1966), relied upon by appellant. *Hansford* only holds that a competency hearing is constitutionally required " . . . if it appears that defendant may be suffering from withdrawal symptoms during trial." *Id.* at 923. In that case, the appellant had taken drugs during the lunch break on the day of the trial. Here the trial judge carefully questioned and closely observed appellant, after which he made a

specific finding that appellant was not under the influence of drugs and that his plea was voluntary. Appellant is entitled to no presumption that he was under the influence. For that matter, in *Ybarra v. United States,* 461 F.2d 1195 (CA9 1972), we cited with approval *Edwards v. United States,* 103 U.S.App.D.C. 152, 256 F.2d 707 (CADC 1958), in which it seems taken for granted that narcotic withdrawal symptoms do not affect competency even five days after the last taking of narcotics.

Since the effect of drug addiction upon competency was inquired into thoroughly at the Rule 11 hearing and specific findings were made on the subject we hold that the record conclusively shows that appellant was competent and that he is not entitled to another hearing on the matter. In these circumstances the court was under no duty to order *sua sponte* a formal hearing to determine competency. Certainly, it was not a failing of counsel not to seek such a hearing.

## III.

■ Appellant claims that his plea was not knowingly and voluntarily made. He bases this claim upon general allegations of threats and allegations that his lawyer told him that not only would two of the three counts against him be dismissed in exchange for his plea, but he would also receive a sentence of seven years and be able to go to the drug center at Fort Worth, Texas, where he would be cured of his addiction. He also claims that his lawyer told him that he was very close to the judge and could fix things up for him.

These claims were raised in appellant's two previous motions, both denied. Whether the instant dismissal is proper depends upon whether at least one of the prior adjudications of the issue was on the merits. According to *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), controlling weight will be given to a denial of a prior § 2255 motion if (1) the same ground presented in the subsequent petition was determined adversely to the applicant on the prior application, (2) the

prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. Here, the issues are the same as those raised in previous motions. Denials of those motions did not rest upon evidentiary hearings; therefore, these denials were upon the merits only if the files and records conclusively show that the prisoner was entitled to no relief. *Sanders, supra,* at 16, 83 S.Ct. at 1077, 10 L.Ed.2d at 161.

■ Unfortunately, we are unable to say that the records and files in this case conclusively show that appellant is entitled to no relief. This is true, even though the district judge in his interrogation of appellant and his counsel, went far beyond the requirements of then existing Rule 11, F.R. Crim.P. Appellant's allegations for relief are based on alleged occurrences entirely outside the record. In these circumstances, *Jones v. United States,* 384 F.2d 916, 917 (CA9 1967), and its progeny such as *Reed v. United States,* 441 F.2d 569, 572–573 (CA9 1971); *Lopez v. United States,* 439 F.2d 997, 1000 (CA9 1971); the second appeal in *Diamond v. United States,* 432 F.2d 35 (CA9 1970); the second appeal in *Jones,* 423 F.2d 252, 257 (CA9 1970), *cert. denied* 400 U.S. 839; *Diamond v. United States,* 422 F.2d 1313, 1314 (CA9 1970), *cert. denied* 397 U.S. 1079, 90 S.Ct. 1531, 25 L.Ed.2d 815 and *Castro v. United States,* 396 F.2d 345, 348 (CA9 1968) (*in banc*), control and require a hearing on the appellant's claims.

If we were not acting under the compulsion of *Jones* and the other Ninth Circuit authorities just cited, we would follow *Crawford v. United States,* 519 F.2d 347, 350 (CA4 1975), and hold that one of the principal purposes of Rule 11 is to permit determination with some degree of finality, whether a plea is voluntarily made and that

the accuracy and truth of an accused's statements in a Rule 11 proceeding in which his guilty plea is accepted are "conclusively" established by the proceeding, unless and until he makes some reasonable allegation why this should not be so. See also *Johnson v. Massey,* 516 F.2d 1001 (CA5 1975).

*Fontaine v. United States,* 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973), supports our view rather than that of the minority. There, as here, the petitioner acknowledged that his plea was given knowingly and voluntarily, that he understood the nature of the charge and the consequences of the plea, and that he was, in fact, guilty. Later, he filed a motion to vacate under 28 U.S.C. § 2255 on the ground that his plea of guilty had been induced by a combination of fear, coercive police tactics and mental illness. The district judge reasoned that since the requirements of Rule 11 had been met, the collateral attack was *per se* unavailable saying " . . . [T]he petitioner cannot now be heard to collaterally attack the record and deny what was said in open court." *Id.* at 214, 93 S.Ct. at 1462. The court of appeals affirmed and the Supreme Court reversed saying: "On this record, we cannot conclude with the assurance required by the statutory standard 'conclusively show' that under no circumstances could petitioner establish facts warranting relief under § 2255 . . . ."

It is a strange legal concept which permits a convict to escape the consequences of his sentence by alleging an illegal conspiracy between himself and his lawyer, which brazenly contradicts the solemn and commemorative record made by the judge, counsel and the convict at the time of the Rule 11 hearing.[1] Perhaps this case

---

1. Los Angeles, California; Tuesday, May 27, 1969; 9:30 A.M.

THE CLERK: Item 3, 3747–R–Criminal, *United States of America v. Robert Melvin Mayes,* for jury trial.

MR. SIROTA: Alan Sirota appearing for Mr. Mayes. Mr. Mayes is present in court, your Honor.

MR. REGARDIE: Good morning, your Honor, Arnold Regardie appearing for the government.

MR. SIROTA: Your Honor, at this time on motion of the defendant we would like to move to have our former plea vacated for the purpose of entering a new and different plea.

THE COURT: All right. I will take that matter up in just a moment, Mr. Sirota.

presents a record which will attract the attention of the Supreme Court. The conflict between the circuits should be settled.

MR. SIROTA: Thank you, your Honor.

(The Court gave attention to other matters on the call, after which the following further proceedings were had herein:)

THE COURT: All right, Mr. Sirota.

MR. SIROTA: Yes, your Honor, we would like to change our plea to Count Three of the present indictment.

THE COURT: You have heard your counsel, Mr. Mayes. Is that your desire?

THE DEFENDANT: Yes, sir.

THE COURT: Before doing that, I want to go over some matters with you, and I do now want to again advise you that you have a constitutional right to a speedy and public trial by jury, to see and hear the evidence and cross examine witnesses against you, to the process of this court to compel the attendance of witnesses in your favor and the assistance of counsel at all stages of the proceedings. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: That you are not required to prove your innocence but it is the duty of the government to prove by competent evidence your guilt beyond a reasonable doubt. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And you understand that by pleading guilty you are in fact waiving those rights?

THE DEFENDANT: Yes, sir.

THE COURT: Is it your desire to waive those rights?

THE DEFENDANT: Yes, sir.

THE COURT: Have you told your counsel the whole story concerning the events surrounding the facts which are set forth in the indictment without concealing any facts from him at all?

THE DEFENDANT: Yes, sir.

THE COURT: And have you told your attorney all of the facts and circumstances surrounding any statements, confession or other evidence obtained by you from anyone?

THE DEFENDANT: Yes, sir.

THE COURT: Has your attorney advised you of the nature of the charges against you and any possible defenses that you might have?

THE DEFENDANT: Yes, sir.

THE COURT: Have you been advised of the maximum penalty?

THE DEFENDANT: Yes, sir.

THE COURT: What is it?

THE DEFENDANT: Twenty years, I believe.

THE COURT: All right, do you want to state it to him, Mr. Regardie?

MR. REGARDIE: Yes, your Honor. It is twenty years and/or a fine of $5,000.

THE COURT: Do you understand that?

THE DEFENDANT: Yes, sir.

With great reluctance, we vacate the judgment below and remand for what is obviously a meaningless waste of time hear-

THE COURT: Do you want your plea to stand?

THE DEFENDANT: Yes, sir.

THE COURT: Have there been any threats made against you or any member of your family now that compel you to offer your plea of guilty at this time?

THE DEFENDANT: No, sir.

THE COURT: Has anyone made any promises of leniency, any particular sentence, probation or any other inducement of any kind for you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Has your lawyer told you what sentence the Court would impose upon a plea of guilty to this charge?

THE DEFENDANT: No, sir.

THE COURT: Is your plea of guilty entirely free and voluntary?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Mayes, it is charged in the indictment that on or about January 10—

MR. SIROTA: Excuse me, your Honor. It is Count Three, sir.

THE COURT: Count Three?

MR. SIROTA: Yes, sir.

THE COURT: It is charged that:

"On or about April 3, 1969, in Los Angeles County, within the Central District of California, defendant Robert Melvin Mayes, by force and violence and by intimidation, knowingly and willfully took from teller Julia Clauser, $612, belonging to, and in the care, custody, control, management and possession of Security Pacific National Bank, Wilton-Hollywood Branch, 5701 Hollywood Boulevard, Los Angeles, California, a national bank, a member bank of the Federal Reserve System and a bank whose deposits were insured by the Federal Deposit Insurance Corporation."

Mr. Mayes, are you pleading guilty to that charge because you are in fact guilty of those events in the indictment?

THE DEFENDANT: Yes.

THE COURT: On April 3, 1969 were you in the Security Pacific Bank at 5701 Hollywood Boulevard?

THE DEFENDANT: No, sir.

THE COURT: You were not there?

THE DEFENDANT: I was there but I was not in the bank.

THE COURT: Well, did you take from Julia Clauser $612?

MR. SIROTA: May I explain, your Honor?

THE COURT: All right.

MR. SIROTA: There is another defendant who has already been prosecuted and taken care of. Mr. Mayes, drove the getaway car of this robbery.

THE COURT: Who is the co-defendant—who is the other man?

ing. Our previous opinion dated March 26, 1976, is withdrawn.

MR. REGARDIE: Armando Achoa.

THE COURT: Were you there with Mr. Achoa when he entered the bank at 5701 Hollywood Boulevard, Los Angeles, California?

MR. SIROTA: Can we have a minute, your Honor?

THE COURT: All right.

(Brief pause.)

MR. SIROTA: Fine, your Honor. We have cleared up the situation with regard to the name. I don't believe—as we reviewed the statement, Mr. Mayes didn't know his name. This is the first time that we have really understood what his name was. There was another individual involved.

THE COURT: On April 3, 1969 were you with some other individual?

THE DEFENDANT: Yes, sir.

THE COURT: At the Security Pacific National Bank, Wilton-Hollywood Branch, 5701 Hollywood Boulevard?

THE DEFENDANT: Yes, sir.

THE COURT: At the time that you went there, did you know that the individual who entered the bank was going to rob the bank?

THE DEFENDANT: Yes, sir.

THE COURT: Did you go with that purpose in mind to that bank?

THE DEFENDANT: Yes, sir.

THE COURT: Who was that other individual?

THE DEFENDANT: I don't know who it was, sir.

THE COURT: What name do you know him by?

THE DEFENDANT: Mike.

THE COURT: Mike?

THE DEFENDANT: Yes, sir.

THE COURT: All right.

Mr. Mayes, do you know of any reason why the Court should not accept your plea of guilty?

THE DEFENDANT: No, sir.

THE COURT: Are you presently under a doctor's care?

THE DEFENDANT: No, sir.

THE COURT: Have you been taking any medicines or drugs regularly?

THE DEFENDANT: No, sir.

THE COURT: Have you taken any medicines, drugs, pills or any alcoholic beverages today?

THE DEFENDANT: No, sir.

THE COURT: Have you ever been under psychiatric care of any kind?

THE DEFENDANT: No, sir.

THE COURT: Do you understand that all that is left in your case is the imposition of sentence, which may include imprisonment?

THE DEFENDANT: Yes, sir.

THE COURT: Counsel, have you advised the defendant of any evidence, statement or confession the government may have?

However, if the district court should conclude that the judgment of conviction and

MR. SIROTA: May I inform the Court? There are statements as to all three counts. They were obtained by the FBI after signed waivers and the defendant is aware of those waivers and the statements.

THE COURT: Is the defendant pleading guilty because of any illegally obtained evidence in the possession of the government?

MR. SIROTA: No illegally obtained evidence in the possession of the government, your Honor.

THE COURT: Has the defendant told you anything about medications, drugs or other actions?

MR. SIROTA: Nothing to that extent, your Honor. However, I should inform the Court that Mr. Mayes is an addict of heroin, and I did inform him of the fact that there is a possibility of hospitalization for his cure of narcotic addiction.

THE COURT: When was the last time you had heroin, Mr. Mayes?

THE DEFENDANT: April.

THE COURT: April of this year?

THE DEFENDANT: Yes, sir.

THE COURT: All right.

Mr. Mayes, you understand the statement of your counsel that that is not any promise made to you for pleading guilty, that it is no promise of any kind by your counsel? Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: The determination of what the sentence may be or what the disposition of the case might be in terms of any possible addiction that you might have is up to the Court after a probation report.

THE DEFENDANT: Yes, sir.

THE COURT: And there is no promise made to you by anyone, and if there has been any promise made to you, I am telling you now that there can be no promise made to you concerning a plea of guilty. Do you understand that?

THE DEFENDANT: Yes, sir, I understand.

THE COURT: Do you want your plea of guilty to stand?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Sirota, have you made any indication to the defendant what sentence the Court might impose?

MR. SIROTA: No, sir. I said that the maximum sentence was twenty years, and I informed him of the possibility of the hospitalization and informed him of the possibility of the various sections of Section 4208 all the way down the line.

THE COURT: Do you know of any reason why the Court should not accept this plea of guilty from your client?

MR. SIROTA: No, sir.

THE COURT: Mr. Mayes, do you feel you have had sufficient time to discuss this matter

sentence be set aside, it should also consider the reinstatement of the two counts of the indictment which were dismissed.

EUGENE A. WRIGHT, Circuit Judge (concurring and dissenting):

I concur in Parts I and II of the majority opinion and dissent from the third and sixth paragraphs of Part III. I would affirm the district court's denial of the petition without hearing.

The law of this circuit on the issue presented in the majority's Part III is far from clear. Yet I do not believe that *Jones v. United States*, 384 F.2d 916 (9th Cir. 1967), and its progeny compel the result reached by the majority here. The rule of law announced in *Jones* is a good one, but is simply inapplicable to the facts before us. If I misinterpret *Jones* and, if its rule does apply to these facts, then I agree with the majority that it is a "strange legal concept" in need of reevaluation.

Title 28 U.S.C. § 2255 states in relevant part:

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice [of the petition] to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See *Fontaine v. United States*, 411 U.S. 213, 215, 93 S.Ct. 1461, 1462, 36 L.Ed.2d 169 (1973); *Sanders v. United States*, 373 U.S. 1, 15–16, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

In remanding for an evidentiary hearing on the voluntariness of petitioner's guilty plea, the *Fontaine* Court stated, 411 U.S. at 215, 93 S.Ct. at 1462:

We need not take issue with the Government's generalization that when a defendant expressly represents in open court . . . that his plea is voluntary . . . he "may not ordinarily" repudiate his statements to the sentencing judge.

The Court was simply unable to conclude on the facts before it [1] "that under no circum-

with Mr. Sirota before entering your plea of guilty today?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with the representation of Mr. Sirota in this case?

THE DEFENDANT: Yes, sir.

THE COURT: Are you pleading guilty to Count Three because you have been promised disposition of the other counts?

THE DEFENDANT: Yes, sir.

THE COURT: Is that why you are pleading guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Why are you pleading guilty to Count Three?

THE DEFENDANT: I am guilty of it.

THE COURT: The Court, having questioned the defendant and his counsel on the offer of his plea of guilty, the defendant and his counsel having advised the Court that they have conferred on all aspects of the charge against the defendant, and any defenses that he may have, and the Court having observed the defendant in making his answers, his demeanor and manner while answering questions, his intelligence and attitude, and the Court having observed that the defendant does not appear to be under the influence of any medicine, drugs or other substances which might affect his judgment in any manner, the Court finds that the offer of the plea of guilty of the defendant Robert Melvin

Mayes to Count Three of the indictment has a factual basis, is free of any coercive influence of any kind, is voluntarily made with full knowledge of the charge against him, that there have been no promises of any kind made to him by anyone and no threats or coercion have been exerted upon him in any manner.

It is ordered that the plea of the defendant Robert Melvin Mayes to Count Three of the indictment be accepted and entered. The matter is referred to the probation officer for presentence investigation and report and continued to June 23, 1969.

MR. SIROTA: May it please the Court—

THE COURT: Yes.

MR. SIROTA: On that day, that is the day that I am on the panel, and I also have two other sentencing matters on that day. It is going to be very hectic.

THE COURT: That is all right. We will wait for you, Mr. Sirota.

MR. SIROTA: Thank you, your Honor.

THE COURT: June 23, 1969 at 2:00 P.M. You are to return at that time, Mr. Mayes. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: All right, thank you.

MR. SIROTA: Thank you, your Honor.

1. In *Fontaine*, 411 U.S. at 214–15, 93 S.Ct. 1461, petitioner described alleged physical abuse and illness caused by a recent gunshot

stances could the petitioner establish facts warranting relief under § 2255. . . . " *Id.*

I read *Fontaine* as instructing district judges to give full consideration, including an evidentiary hearing, to *any* petition which has *any* discernible merit.[2] However, while district judges should be receptive to Section 2255 petitions, the plain language of that section admonishes them not to waste valuable time and energy holding meaningless hearings on meritless claims. *See Austin v. United States*, 408 F.2d 808, 812 (9th Cir. 1969).

The "conclusively shows" clause of Section 2255 cannot be reasonably interpreted in a vacuum, but must be interpreted in light of the requirements of Rule 11. In *McCarthy v. United States*, 394 U.S. 459, 472, 89 S.Ct. 1166, 1174, 22 L.Ed.2d 418 (1969), the Supreme Court required that "district judges take the few minutes necessary to inform [defendants] of their rights and to determine whether they understand the action they are taking." By this procedure it sought, *inter alia*, to

> reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged . . . when the original record is inadequate.

*Id.* The Court in other decisions mandated additional safeguards for similar reasons. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The requirements specified in those

cases are now included in the present Rule 11.

In order to give some effect to the painstaking inquiry conducted under Rule 11, the record made of it should be presumed correct unless there are specific reasons for not doing so. *Cf.* 28 U.S.C. § 2254(d); *McMann v. Richardson*, 397 U.S. 759, 767–74, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *United States ex rel. Grays v. Rundle*, 428 F.2d 1401, 1403 (3rd Cir. 1970).

If a petitioner's allegations are completely outside the record,[3] or are merely rebutted by recorded statements of the judge [4] or counsel,[5] the facts are in issue and a hearing is ordinarily required. This is so because, even though a petitioner's allegations concerning "the voluntariness of his confession may be baseless . . . we are obliged to treat them as true" if we are to dismiss the petition without calling for a return and without a hearing. *Bell v. Alabama*, 367 F.2d 243, 246 (5th Cir. 1966).

We need not always treat those allegations as true. There is a presumption that the petitioner personally spoke truthfully at the Rule 11 proceeding. Thus, no evidentiary hearing is required "when [petitioner's] allegations merely [contradict] his earlier statements." *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975). *See Fontaine v. United States*, 411 U.S. 213, 215, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973) (implication); *Jones v. United States*, 423 F.2d 252, 255–56 (9th Cir. 1970) (dictum);[6] *Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975); *Bryan v. United States*, 492 F.2d 775, 780 (5th Cir. 1974) (en banc); *United States v. Huffman*, 490 F.2d 412, 413 (8th

---

**2.** "[T]here must be a hearing when[ever] the allegations of the petition make out a possibly fatal infection of the plea . . . ." *Smith v. Wainwright*, 373 F.2d 506, 507 (5th Cir. 1967), quoting *Carpenter v. Wainwright*, 372 F.2d 940, 942 (5th Cir. 1967).

**3.** *Jones v. United States*, 384 F.2d 916 (9th Cir. 1967).

**4.** *Diamond v. United States*, 432 F.2d 35 (9th Cir. 1970).

**5.** *Reed v. United States*, 441 F.2d 569 (9th Cir. 1971).

**6.** In *Jones II*, 423 F.2d at 255–56, we said:
> "Full disclosure makes direct appellate review meaningful. It also reduces the number and difficulty of subsequent collateral attacks. A full record of the [plea] agreement, and of the defendant's understanding of it, limits the matters subject to challenge." (Footnote omitted.)

Cir. 1973). *Cf. Cancino v. Craven*, 467 F.2d 1243, 1246 (9th Cir. 1972) (implication).[7]

There can, of course, be no mechanical application of these principles. "Each case must be determined upon its own facts." *Huffman, supra,* 490 F.2d at 414, citing *Fontaine* and *Machibroda v. United States,* 368 U.S. 487, 494–95, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Comparing the facts of *Jones* and its progeny with the facts before us, I am convinced that Mayes' petition does no more than contradict his solemn statements at the Rule 11 proceeding, and that an evidentiary hearing on the matters raised in his petition would be an exercise in futility. If ever there were a case to breathe life into the "conclusively shows" clause of Section 2255, this is it. If a hearing is required in this case, the "conclusively shows" language may just as well be ignored in this circuit.

In *Jones v. United States (Jones I),* 384 F.2d 916, 917 (9th Cir. 1967), petitioner

> alleged that his guilty plea was induced by coercive in-custody interrogation without counsel, threats to himself and his family, and a promise of leniency.

The district court in *Jones I* "conducted the inquiry contemplated by [then] Rule 11 . . . ." *Id.* This court ordered that an evidentiary hearing be held since the petition "contained factual matters outside the record . . . which cannot be conclusively resolved by reference to that record." *Id.* The Rule 11 record was only " 'evidential on the issue of voluntariness . . . not conclusive.' " *Id., quoting United States ex rel. McGrath v. LaVallee,* 319 F.2d 308, 314 (2nd Cir. 1963).

The court in *Jones I* did not indicate what matters were discussed at the Rule 11 proceeding. The law of the case then is simply that a hearing must be held if the petition sets forth factual matters outside the record. *Jones I* does not help us decide when factual allegations should be regarded as "outside the record," and when not.

Upon remand of *Jones I,* the district court held a hearing and denied relief. We affirmed. *Jones v. United States (Jones II),* 423 F.2d 252 (9th Cir. 1970). In *Jones II* we quoted relevant portions of the record of the Rule 11 proceeding, 423 F.2d at 254. From that it appeared that Jones raised at least two factual matters not specifically covered during the Rule 11 proceeding. First, he alleged that threats were made against his family. The record shows his denial that "any force or threats of any sort" had induced his guilty plea, but there is no specific reference in the record to threats made against his family.

Second, Jones alleged the nondisclosure of a plea agreement. The record shows that both Jones and his counsel denied the existence of any "deal" with the United States Attorney. However, the *Jones II* court correctly characterized the Rule 11 proceeding as "ritualistic." While the stock questions were asked, the district court made no significant attempt to inquire into the defendant's state of mind. The court did not inform the defendant that a disclosed or undisclosed plea agreement was not binding upon the court. There is no indication that Jones was independently aware of its nonbinding nature.

While the *Jones I* court did not make it clear why an evidentiary hearing would be required, it is apparent from *Jones II* that the record failed to demonstrate conclusively the lack of merit of either of the two allegations mentioned above.

In *Castro v. United States,* 396 F.2d 345 (9th Cir. 1968) (en banc), petitioner alleged that: (1) the court failed to inform him of the allowable range of punishment, and (2) he believed he could not be imprisoned for more than six years. Attached to his petition was an affidavit from trial counsel stating he had erroneously advised Castro

---

7. In *Cancino,* involving a petition by a state prisoner, we remanded for an evidentiary hearing because

    "[t]he record consisted of the brief exchange between the prosecutor and the defense at-

torney, and Cancino's ten words. It did not contradict Cancino's averments."
467 F.2d at 1246.

that he would be sentenced for no more than six years. (He received an eight year sentence.)

At the Rule 11 proceeding, the district court merely determined from defense counsel that he had "fully explained to his client all the consequences of pleading guilty." *Id.* at 347. We properly concluded that counsel's general assurance did not even "touch upon the question of whether counsel misadvised his client, much less 'conclusively resolve' that issue." *Id.* at 348. Therefore, a hearing was required under *Jones.*

The petitioner in *Diamond v. United States*, 432 F.2d 35 (9th Cir. 1970), described in great detail how he had been starved, beaten and abused while in the custody of the County Sheriff and alleged that, for "fear of his life," he was thereby coerced into pleading guilty. No consideration was given to these allegations at the Rule 11 hearing. In denying the petition without hearing, the district court simply relied on its "observation" of Diamond at arraignment. This court properly remanded for evidentiary hearing. The court's general observations in *Diamond*, like defense counsel's general assurances in *Castro*, did not "touch upon the question" specifically raised by petitioner, "much less 'conclusively resolve' that issue." 396 F.2d at 348.

In *Lopez v. United States*, 439 F.2d 997 (9th Cir. 1971), petitioner alleged that defense counsel promised him a 5–10 year sentence (he received 20 years), and admonished him not to disclose any "deal" to the court at the Rule 11 hearing. Lopez also alleged that shortly before pleading guilty he had been mistreated in the "Psycho Ward" of the county jail, and had been given certain drugs.

While certain evidence introduced at the Rule 11 proceeding contradicted his assertions, the record contained nothing which specifically contradicted petitioner's allegation of an undisclosed promise by the defense attorney. For this reason alone the remand was appropriate. Further, petitioner's allegation that his counsel had prompted him to lie about the existence of a plea agreement was not contradicted by the record.

The petitioner in *Reed v. United States*, 441 F.2d 569 (9th Cir. 1971), alleged that defense counsel promised him a lenient sentence under the Youth Corrections Act. The district court, relying on an affidavit from defense counsel denying the communication of any promise to Reed prior to the entry of his plea, denied the petition without a hearing. We reversed. While it is unclear from the opinion, there was apparently no admission by Reed at the Rule 11 proceeding of the absence of a promise by defense counsel.

It is hazardous to attempt to distill from these cases a controlling rule or rules but there does seem to be at least one common thread: In each of the cases discussed the motions, files and records failed to show that petitioner's allegations were *specifically contradicted by* statements or admissions made by the defendant *personally* during or after the Rule 11 proceeding. Since such specific contradiction is present in this case, a remand for hearing is unnecessary.

A review of the Rule 11 record, detailed in the majority's note 1, shows that the district court anticipated and complied with the requirements of Rule 11 as amended in 1975, even though this proceeding occurred in 1969. Since, as the majority and I agree, Mayes was competent to plead at that proceeding, we must assume that the specific statements, representations and admissions made by him at that hearing were correct.

Mayes' petition includes the following relevant allegations:

> Petitioner further alleges that his plea of guilty was unconstitutionally induced by threats and promises. Petitioner was coerced into entering a plea of guilty as a result of threats of and by the Los Angeles city police and the F.B.I. agents who interrogated him . . . by stating that if he did not sign a confession and plead guilty, his wife would be arrested and would have her baby in the penitentiary. . . .

In addition to the threats, counsel had stated, that if Petitioner would plead guilty, two counts of the three count indictment would be dropped, and he would receive a small sentence to Fort Worth, Texas, drug center where he could be cured.

These allegations can be characterized as follows: (1) Defense counsel's promise that upon a plea of guilty two of the three counts would be dismissed; (2) Threats by law enforcement officers against his pregnant wife; and (3) Defense counsel's promise that upon a guilty plea petitioner would receive a "small sentence to Fort Worth, Texas, drug center where he could be cured."

The first factual allegation constitutes no ground for an evidentiary hearing. The agreement was specifically disclosed at the Rule 11 hearing.[8] Moreover, as Mayes concedes in his appellate brief, the agreement as made was honored. It is difficult to imagine how the existence of a plea agreement, fully disclosed to the court and honored by the government, can raise the issue of voluntariness. *See Santobello v. New York*, 404 U.S. 257, 260–262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Benn v. Eyman*, 436 F.2d 1074, 1075 (9th Cir. 1971), and cases cited; *Buckles v. United States District Court*, 488 F.2d 85, 86 (5th Cir. 1973).

Petitioner's second factual allegation, regarding threats against his wife, is specifically contradicted by this portion of the Rule 11 record:

8. "THE COURT: Are you pleading guilty to Count Three because you have been promised disposition of the other counts?
 THE DEFENDANT: Yes, sir.
 THE COURT: Is that why you are pleading guilty?
 THE DEFENDANT: Yes, sir.
 THE COURT: Why are you pleading guilty to Count Three?
 THE DEFENDANT: I am guilty of it."

9. Contrary to the majority's statement, nowhere in the petition under review has Mayes alleged either (1) that his defense counsel told him "he would also receive a sentence of seven years," or (2) that "he [the defense attorney] told him [Mayes] that he was very close to the judge and could fix things up for him." (Majority op. 1082.)

THE COURT: Have there been any threats made against you *or any member of your family* now that compel you to offer your plea of guilty at this time?
 THE DEFENDANT: No, sir.

(Emphasis added.) I do not see how Mayes' allegation can be deemed outside this record when it is simply a contradiction of the representation made at the Rule 11 proceeding. As such, it does not constitute a springboard for hearing.

The third allegation, the promise of lenient sentence and treatment,[9] flies in the face of the following portion of Rule 11 record:

THE COURT: Has anyone made any promises of leniency, any particular sentence, probation or other inducement of any kind for you to plead guilty?
 THE DEFENDANT: No, sir.
 THE COURT: Has your lawyer told you what sentence the Court would impose upon a plea of guilty to this charge?
 THE DEFENDANT: No, sir.

. . . . .

MR. SIROTA [Defense counsel]: . . I should inform the Court that Mr. Mayes is an addict of heroin, and I did inform him of the fact that there is a possibility of hospitalization for his cure of narcotic addiction.

. . . . .

THE COURT: . . . Mr. Mayes, you understand the statement of your

According to representations in appellant's brief, these allegations were made in earlier petitions but those are not in the record before us, and should therefore not be considered by us.

Even if they were considered, I do not see how Mayes could benefit. The "seven year" allegation is not substantially different from the third allegation made in the petition which we find in the record. Either version is specifically contradicted by the record of the Rule 11 hearing.

The allegation that defense counsel promised to "fix things up for him" is the sort of bare allegation which is insufficient to compel an evidentiary hearing. *Diamond v. United States*, 432 F.2d 35 (9th Cir. 1970); *Meeks v. United States*, 427 F.2d 881 (9th Cir. 1970).

counsel that that is not any promise made to you for pleading guilty, that it is no promise of any kind by your counsel? Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: The determination of what the sentence may be or what the disposition of the case might be in terms of any possible addiction that you might have is up to the Court after a probation report.

THE DEFENDANT: Yes, sir.

THE COURT: And there is no promise made to you by anyone, and if there has been any promise made to you, I am telling you now that there can be no promise made to you concerning a plea of guilty. Do you understand that?

THE DEFENDANT: Yes, sir, I understand.

.    .    .    .    .

THE COURT: Mr. Sirota, have you made any indication to the defendant what sentence the Court might impose?

MR. SIROTA: No, sir. I said that the maximum sentence was twenty years, and I informed him of the possibility of hospitalization and informed him of the possibility of the various sections of Section 4208 all the way down the line.

.    .    .    .    .

The district court, to the point of redundancy, made the defendant aware that sentencing, including the option of curative treatment, was solely a matter for the court. Mayes twice represented that he understood this. He now claims that he did not understand, an obvious example of self-contradiction.

I conclude that "under no circumstances could the petitioner establish facts warranting relief under § 2255. . . ." *Fontaine v. United States*, 411 U.S. 213, 215, 93 S.Ct. 1461, 1463, 36 L.Ed.2d 169 (1973). All of Mayes' allegations are "conclusively resolved" against him by reference to the Rule 11 record. *Jones I*, 384 F.2d at 317. Therefore, I would affirm.