979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Anthony BARNES Plaintiff-Appellant,
v.
UNITED STATES of America Defendant-Appellee.
 No. 90-55446.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 17, 1992.
Decided Nov. 19, 1992.
 
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Anthony Barnes appeals the District Court's denial of his third § 2255 motion to have his sentence vacated. Barnes argues that poor advice from counsel rendered his guilty plea involuntary, that he did not receive effective assistance of counsel at sentencing, and that he was not competent to enter a guilty plea. Barnes principally argues that it was error to deny his motion without an evidentiary hearing.
 
 
 3
 Background.
 
 
 4
 The procedural history of Barnes' case is somewhat lengthy. Barnes pled guilty to certain counts in two separate unarmed bank robbery cases both of which were assigned to Judge Hupp. On September 15, 1988 (pre-Guidelines), the court sentenced Barnes to two concurrent 15 year terms. On October 11, 1988, Barnes filed a § 2255 motion to vacate, set aside, or correct his sentence because of "ineffective assistance of counsel." As grounds for ineffectiveness, Barnes pointed to his attorney's assurance that he "would probably receive 5 or 6 years" and to his attorney's failure to investigate his psychiatric history. The court denied the motion on November 1, 1988.
 
 
 5
 Barnes then filed a second motion to vacate his sentence, which the court denied as "successive" on February 16, 1989. ECR 58. Barnes filed a third § 2255 motion on January 31, 1990. The District Court denied this motion as well, stating that it was identical to the two previous motions except for its allegation that counsel had not informed Barnes of his right to appeal. ECR 72. The court noted that since the case pre-dated the Guidelines, Barnes had no right to appeal his guilty plea.
 
 
 6
 Barnes timely appealed the denial of certain aspects of his third motion on March 23, 1990. His motion for appointment of counsel was granted on January 18, 1991.
 
 
 7
 Discussion.
 
 
 8
 The government defends the district court's dismissal of the second and third motions as "successive". Under Sanders v. United States, 373 U.S. 1 (1963), a district court may dismiss a § 2255 motion as successive if: (1) the successive motion presents the same ground determined adversely to the petitioner in the first motion; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the successive motion. See id. at 15; United States v. Matthews, 833 F.2d 161, 164-65 (9th Cir.1987). These criteria were substantially codified in Rule 9(b) of the Rules Governing Section 2255 Cases in the United States District Courts. Rule 9(b) provides that a petition "may" be dismissed as successive if the court "finds that it fails to allege new or different grounds for relief and the prior determination was on the merits." Barnes argues that the district court erred by denying his second and third motions as successive because the first motion was not decided "on the merits." We now turn to the question of whether the district court denied the claims in Barnes' first petition on the merits.
 
 
 9
 A. Counsel's sentencing prediction.
 
 
 10
 Barnes first argues that his guilty plea was involuntary because it was induced by counsel's improper "guarantee" that he would receive a sentence of five or six years. The district court clearly rejected the same claim "on the merits" in disposing of Barnes' first § 2255 motion. Specifically, the district court rejected Barnes' claim based on a factual finding that no improper sentencing guarantee ever existed. The court stated: "the transcript of the plea proceeding demonstrates defendant's acknowledgement that there was no agreement as to what his sentence would be." ECR at 29.
 
 
 11
 Contrary to Barnes' assertion, the absence of an evidentiary hearing does not prove that the denial of his claim was other than "on the merits". A § 2255 motion may be denied on the merits without an evidentiary hearing if the existing files and records "conclusively resolve" the factual issues raised. See Mayes v. Pickett, 537 F.2d 1080, 1083 (9th Cir.1976), cert. denied, 431 U.S. 924 (1977). Here, the district court found that the transcript of the Rule 11 proceedings conclusively resolved the issues raised by Barnes. ER at 28-29. We agree. The transcript shows conclusively that at the time Barnes entered his plea, he understood that there was no guarantee that he would receive anything less than the maximum sentence.
 
 
 12
 We therefore conclude that Barnes' claim of an improper sentencing guarantee was dismissed on the merits as presented in Barnes' first § 2255 motion. Barnes does not contend--nor could he--that the ends of justice require a re-examination of his claim.
 
 
 13
 B. Counsel's failure to investigate potential mitigating evidence.
 
 
 14
 Barnes further argues that his attorney was constitutionally ineffective because she failed to explore his psychiatric records for potential mitigating evidence to be presented at the sentencing hearing. Once again, we conclude that the same claim was rejected on the merits as presented in Barnes' original § 2255 motion.
 
 
 15
 Judge Hupp denied Barnes' ineffectiveness claim because (1) "the court was aware that the defendant had undergone past psychiatric treatment" and (2) additional evidence of Barnes' psychiatric treatment "would not have made a difference in the sentence, since the purpose of the sentence was to protect society." ECR at 29. These findings prevent Barnes from demonstrating that his sentence "would likely have been different absent [his attorney's] errors", as required by the "prejudice" component of Strickland v. Washington, 466 U.S. 668, 696 (1984). The rejection of Barnes' claim on these substantive grounds constitutes a denial on the merits.
 
 
 16
 Again, Barnes does not and could not contend that the ends of justice require a re-examination of the merits of Barnes' claim.
 
 
 17
 C. Defendant's competence to plead guilty.
 
 
 18
 Barnes' third argument on appeal is that there is sufficient evidence in the record to raise a factual question as to his competence at the time he entered his guilty plea. It does not appear to us that this claim has ever been denied "on the merits"; indeed, we conclude that the claim was never presented to the district court at all. We are unable to discern a single allegation in any of Barnes' § 2255 motions that he was not competent to enter a valid plea at the time he purported to do so. To the extent that the district court judge discussed the issue at all, he seems merely to have stated his understanding that Barnes did not intend to challenge his competence to enter a plea.[1]
 
 
 19
 Barnes does state in an affidavit that prior to his plea agreement he asked to be seen by a psychiatrist, and that his attorney orally relayed his request to Judge Hupp, but that nothing came of the request. ER at 11-12. Barnes does not elaborate on the significance of this statement, but he follows it by complaining that his attorney did not investigate his mental history prior to sentencing. ER at 12. In context, then, the statement in Barnes' affidavit appears to be directed towards counsel's failure to present mitigating evidence, not at his competence to enter a plea. This interpretation of Barnes' intentions is buttressed by a statement in the Rule 35(b) motion submitted contemporaneously with his first motion. The statement, as quoted by the district court, expresses Barnes' intent to challenge the effectiveness of his lawyer, not the validity of his plea:
 
 
 20
 I don't really want to take back my plea; I just want your Honorable Judge to know more about me, which my attorney did not give me effective assistance of counsel prior to sentencing and/or at sentencing.
 
 
 21
 ECR at 28. The quoted statement extinguishes any lingering doubts that Barnes might have meant to attack the validity of his plea.
 
 
 22
 Barnes' attack on the validity of his plea on competency grounds is therefore dismissed for failure to raise it in the district court. We note that neither our disposition of this claim nor that of the district court is "on the merits". Thus, if Barnes chooses to file a new federal habeas corpus motion challenging the validity of his guilty plea on grounds of incompetence, it will not be successive.
 
 
 23
 Conclusion.
 
 
 24
 We affirm the dismissal of this, Barnes' third § 2255 motion.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While Judge Hupp was rather brief, a couple of statements evidence his understanding that Barnes did not intend to attack the validity of his plea. According to Judge Hupp, "it appears to the court, that Mr. Barnes' principal contention is that the court did not know all that he would want the court to know about the defendant's past history at the time of sentencing." ER at 28. He continued: "There never was and is now no indication that defendant was not competent to enter a plea or stand trial." ER at 30. Judge Hupp did remark that "[w]hile Mr. Barnes contends that he has psychiatric problems, these obviously did not reflect his competency to enter a plea, and the sentence did not depend on them." Id. We interpret him to respond conclusorily to an argument that Barnes does not advance