992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jon Robert PERROTON, Defendant-Appellant.
 No. 92-15427.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 4, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jon R. Perroton appeals pro se from the district court's denial, without a hearing, of his second motion under 28 U.S.C. § 2255 challenging his guilty plea conviction and sentence. He now contends the district court violated Fed.R.Crim.P. 32, failed to comply with the provisions of the Victim and Witness Protection Act, and violated Fed.R.Crim.P. 11(f). Because we reject certain of Perroton's claims as successive and the remainder as abuses of the writ, we need not address the merits. Accordingly, we remand to the district court for dismissal of Perroton's second section 2255 motion.
 
 I. FACTS AND PRIOR PROCEEDINGS
 
 3
 On April 8, 1985, Perroton pleaded guilty to a three count superseding indictment charging bank larceny, interstate transportation of monies obtained by fraud, and bank fraud in violation of 18 U.S.C. §§ 2113(b), 2314, and 1344. Perroton was sentenced to consecutive ten year terms on the first two counts and a concurrent five year term on the third count. Additionally, Perroton was ordered to pay $10,000,000 in restitution and a $150 special penalty assessment.
 
 
 4
 On December 8, 1987, the district court dismissed Perroton's first Section 2255 motion without a hearing, finding: (1) The court's statements to Perroton at the time of his guilty plea did not deprive him of his right to direct appeal; (2) there was a factual basis for Perroton's guilty plea at the time it was given, and it was given voluntarily and freely; (3) Perroton's plea agreement was not violated by the imposition of restitution; (4) the amount of monetary loss caused by Perroton was specifically established; (5) the oral pronouncement of sentence conformed with the written judgment; and (6) Perroton failed to state a cause of action for ineffective assistance of counsel. This court dismissed Perroton's appeal sua sponte for lack of a timely notice of appeal. United States v. Perroton, No. 88-2674 (June 1, 1988).
 
 
 5
 Perroton filed his second motion attacking his sentence pursuant to 28 U.S.C. § 2255 on December 18, 1991. The district court summarily denied this motion, concluding that: (1) The record of the sentencing hearing showed that the Presentence Investigation Report (PSR) had been reviewed by Perroton prior to sentencing; (2) the court had considered all necessary factors prior to ordering restitution; and (3) a factual basis was developed regarding Perroton's guilty plea to bank larceny.
 
 
 6
 Perroton timely appealed. The government then moved this court to dismiss Perroton's appeal, or in the alternative summarily affirm the district court's order. We denied the government's motion. United States v. Perroton, No. 92-15427 (October 19, 1992). Perroton now claims the district court erred by failing to determine at sentencing whether he had read the PSR and discussed it with counsel in violation of Fed.R.Crim.P. 32, thereby depriving him of his right to correct erroneous information contained in the PSR. Perroton also claims the district court violated Fed.R.Crim.P. 32(a)(2) by informing him that if he pleaded guilty he could not appeal. Additionally, Perroton contends the district court erred by not considering his ability to pay when it ordered $10,000,000 in restitution. Finally, he alleges the district court violated Fed.R.Crim.P. 11(f) by failing to develop a factual basis for his guilty plea to bank larceny at his plea hearing.
 
 II. JURISDICTION AND STANDARDS OF REVIEW
 
 7
 This Court has jurisdiction under 28 U.S.C. §§ 1291 and 2255. The district court's decision whether to grant or deny a petition for habeas corpus is reviewed de novo. United States v. Angeleone, 894 F.2d 1129, 1130 (9th Cir.1990).
 
 III. DISCUSSION
 
 8
 The government argues that Perroton raises successive claims in the present Section 2255 motion. Additionally, the government contends that any new grounds raised in the instant motion could have been brought in the first Section 2255 motion and Perroton's failure to do so constitutes an abuse of the writ. Therefore, the government contends this court should not reach the merits of Perroton's claims. We agree.[1]
 
 A. Successive Claims
 
 9
 28 U.S.C. § 2255 provides that the court "shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." The Supreme Court has recently held that a court may not reach the merits of successive claims unless the habeas petitioner shows cause and prejudice. Sawyer v. Whitley, 112 S.Ct. 2514, 2518 (1992); see also Campbell v. Blodgett, 982 F.2d 1321, 1325 (9th Cir.1992). A section 2255 motion is considered successive if: "(1) [T]he second motion presents the same ground determined adversely to the petitioner in the first; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the second motion." United States v. Mathews, 833 F.2d 161, 164-65 (9th Cir.1987).
 
 
 10
 This court has recognized that "a different factual basis or argument asserted to support the same legal theory advanced previously does not constitute a new ground for relief and is successive." Campbell, 982 F.2d at 1324. A denial of a section 2255 motion without a hearing is considered to have been upon the merits if the files and records of the case "conclusively show that the prisoner was entitled to no relief." Mayes v. Pickett, 537 F.2d 1080, 1083 (9th Cir.1976), cert. dismissed, 429 U.S. 801 (1977), and cert. denied, 431 U.S. 924 (1977). The "ends of justice" require federal courts to entertain successive motions where the prisoner supplements his claim with "a colorable showing of factual innocence." Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); see also Campbell, 982 F.2d at 1331.
 
 
 11
 Perroton's first section 2255 motion resolved that (1) statements made by the district court to Perroton during his guilty plea hearing did not deprive him of his right to direct appeal; and (2) a factual basis for Perroton's guilty plea to bank larceny was established at his plea hearing. In his instant motion Perroton raises virtually identical grounds.
 
 
 12
 The district court's dismissal of his first Section 2255 motion was on the merits. Perroton has not claimed that any elements of his second, successive motion should be reached to serve the "ends of justice." Accordingly, we deem as successive Perroton's claims that he was deprived of his right to a direct appeal and that a factual basis was not established regarding his guilty plea to bank larceny.
 
 B. Abusive Claims
 
 13
 Claims not found to be successive "may nevertheless be an abuse of the writ." Campbell, 982 F.2d at 1324. The government bears the burden of pleading abuse of the writ. It satisfies this burden if, "with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ." McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). The burden then becomes the petitioner's to show cause for failing to raise the claim previously and prejudice therefrom or, that failure to entertain the claim would result in a "fundamental miscarriage of justice." Id.
 
 
 14
 Perroton claims for the first time in his second Section 2255 motion that the sentencing court violated Fed.R.Crim.P. 32 by failing to determine at the sentencing hearing that he had read the PSR and therefore depriving him of his opportunity to correct errors in the PSR. Additionally, Perroton claims for the first time that the district court failed to comply with the provisions of the Victim and Witness Protection Act (18 U.S.C. §§ 3663-64) when it ordered restitution.
 
 
 15
 The government has sufficiently pleaded abuse of the writ by noting Perroton's prior writ history, designating the claims presented in his instant motion, and alleging that Perroton has abused the writ. Thus the burden becomes Perroton's to show cause for failing to raise these issues earlier and prejudice therefrom or, in the absence of cause, a showing that failure to entertain the claims would result in a fundamental miscarriage of justice. Perroton had the opportunity to meet either of these burdens in his reply brief. Perroton has failed to meet either burden.
 
 
 16
 REMANDED for the district court to dismiss the 28 U.S.C. § 2255 motion.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Ninth Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We consider the government's arguments regarding Perroton's successive and abusive claims despite the fact that these arguments were not raised before the district court because the district court summarily denied Perroton's motion without calling for a response from the government. See Molina v. Rison, 886 F.2d 1124, 1127 n. 4 (9th Cir.1989) (application of rule that court of appeals will rule on merits where government did not plead successiveness in the district court inappropriate where district court summarily dismissed motion without calling for government response)