57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rene PERALES, Defendant-Appellant.
 No. 94-36122.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before BROWNING, WRIGHT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Perales was convicted of multiple drug-related offenses. He unsuccessfully appealed both his conviction and sentence. He subsequently filed two motions under 28 U.S.C. Sec. 2255, which were denied. He brought two more Sec. 2255 motions, which also were denied. He appeals.
 
 
 3
 We review de novo the court's denial of a Sec. 2255 motion. Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989).
 
 
 4
 * We conclude that Perales's claims about his acceptance of responsibility and the Government's misconduct are barred as successive claims. Unless a petitioner shows cause and prejudice, a court may not reach the merits of successive claims. Sawyer v. Whitley, 112 S.Ct. 2514, 2518 (1992). A Sec. 2255 motion is successive if: "(1) [T]he second motion presents the same ground determined adversely to the petitioner in the first; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the second motion." United States v. Mathews, 833 F.2d 161, 164-65 (9th Cir.1987). A denial of a Sec. 2255 motion without a hearing is considered to have been on the merits if the files and records of the case "conclusively show that the prisoner was entitled to no relief." Mayes v. Pickett, 537 F.2d 1080, 1083 (9th Cir.1976), cert. dismissed, 429 U.S. 801 (1977), and cert. denied, 431 U.S. 924 (1977).
 
 
 5
 In denying the first Sec. 2255 motion, the court detailed why it rejected Perales's claim that he accepted responsibility. The governmental misconduct claim is merely a variation of a claim based on alleged "vindictive" presentence reports that Perales brought in his first and second Sec. 2255 motions. Again, the court detailed in its prior orders why it rejected this claim. Perales has not shown cause and prejudice nor has he argued that these claims should be reached to serve the ends of justice. They are barred as successive claims.
 
 II
 
 6
 We also conclude that the court correctly denied Perales's claim that he was denied the right to testify.[1] When a prisoner raises in a collateral attack a claim previously raised and decided on direct appeal, this court may refuse to hear the claim absent a showing of manifest injustice or a change in law. Polizzi v. United States, 550 F.2d 1133, 1135 (9th Cir.1976). To the extent that Perales argues that failure to sever his trial from that of his co-conspirators prevented him from testifying, this court has already rejected that argument. As he has not shown either manifest injustice or change in the law, we decline to revisit this issue.
 
 
 7
 We also reject Perales's argument that his counsel "muzzled" him despite his desire to testify. When a Sec. 2255 motion is based on alleged occurrences outside the record, no hearing is required if the allegations "viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.' " Shah, 878 F.2d at 1158 (citations omitted). Perales cites nothing in the record that supports his claim. Our review of the record shows that he had every opportunity to testify.[2] He does not state a claim for relief.
 
 III
 
 8
 We conclude that the court correctly denied Perales's ineffective assistance of counsel claim. A court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255. To succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced. Strickland v. Washington, 466 U.S. 668, 688-94 (1984).
 
 
 9
 We reject Perales's contention that his counsel was ineffective for allowing him to be sentenced under an allegedly erroneous presentence report. He refers to nothing in the record to support that claim. The record shows that he had the presentence report timely, his attorney made some objections, he and his attorney presented their objections at sentencing, and the court considered those. It made specific written findings regarding which portions of the presentence report it did not use and it attached its findings to the report. Perales's attorney acted reasonably in correcting errors in the presentence report. Perales has failed to show that counsel's performance was deficient.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The right to testify and ineffective assistance of counsel claims, although not successive, might nevertheless be an abuse of the writ. The government bears the burden of pleading abuse of writ. It satisfies this burden if, "with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ." McCleskey v. Zant, 499 U.S. 467, 494 (1991). The government did not plead abuse of the writ as to these claims
 
 
 [2]
 Indeed, common sense suggests that someone in Perales's position would not have remained silent throughout his trial and two previous Sec. 2255 motions if he had been so anxious to testify. See Shah, 878 F.2d at 1160